# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH EARL WRIGHT, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| EAST POINT POLICE | : | CIVIL ACTION NO. |
| DEPARTMENT, | : | 1:12-CV-2062-TWT-JFK |
| TASHA ARMAND, | : | |
| JANE DOE, | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S NON-FINAL
## REPORT AND RECOMMENDATION

Plaintiff, Kenneth Earl Wright, confined in Ware State Prison in Waycross, Georgia, has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the amended complaint, (Doc. No. 9), for screening under 28 U.S.C. § 1915A.[1]

## I.     28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official

---

[1] See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555.

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by

those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

3

## II. Discussion

Plaintiff brings this action against the East Point Police Department, Officer Tasha Armand, and Officer Jane Doe and alleges the following. (Doc. No. 9). On November 4, 2010, Plaintiff was walking in the city of East Point and had just informed an unknown black male that he did not have a cigarette. (Id., Statement of Claims at 1). Officers Armand and Doe pulled up in a patrol car, exited, and "started yelling at the Plaintiff and interrogating the Plaintiff about what was the Plaintiff doing." (Id. at 1-2). The officers told Plaintiff that they stopped him for questioning because they saw him reach into his pocket and throw something to the ground. Plaintiff informed the officers that he had thrown nothing to the ground and that he did not know the person who had asked him for a cigarette, complied with their request for identification, and questioned their authority to stop him. Plaintiff did not get loud or combative but advised the officers that he had done nothing wrong. (Id. at 4). The officers appeared to get upset with Plaintiff for questioning their authority, and they arrested Plaintiff for disorderly conduct. (Id. at 4-5).

The officers escorted Plaintiff to the East Point City Jail, where he was booked and detained. (Id. at 6). The charges were dismissed because the officers did not show up in court, and Plaintiff was released within six days of his arrest. (Id. at 7).

4

Plaintiff's attempts to obtain employment were hindered because of the negative allegations on Plaintiff's background report. (Id. at 8).

Plaintiff asserts claims of harassment (based on Armand and Doe exiting their patrol car and interrogating him), false arrest, false imprisonment, and slander. (Id. at 1-9). Plaintiff seeks damages. (Id. at 10-12).

Plaintiff has provided a copy of Armand's police report, which states that Plaintiff had been standing in the same location on the sidewalk for approximately fifteen minutes, was observed throwing something to the ground when another man walked toward him, walked approximately ten feet away after an officer told him to stop, stopped after being advised to stop a second time, and became combative when officers approached him, yelling at them that he had not done anything. (Doc. No. 1, Ex. C). Plaintiff was arrested for violating the City of East Point's local ordinance on disorderly conduct. (Id., Ex. D)

### A. The East Point Police Department

The East Point Police Department is not a legal entity subject to suit and must be dismissed. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that the City of Atlanta police department is not an entity subject to suit because the department is "merely the vehicle through which the City government

5

fulfills its policing functions"); see also Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (affirming district court decision that the DeKalb County Police Department is not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

### B. Officers Armand and Doe

#### 1. Harassment – Initial Stop and Questioning

The Fourth Amendment prohibits unreasonable seizures. U.S. Const. Amend. IV. "[T]here are three types of encounters between police and citizens 'for purposes of . . . Fourth Amendment analysis: (1) police-citizen exchanges involving no coercion or detention; (2) brief seizures or investigatory detentions; and (3) full-scale arrests.'" Miller v. Harget, 458 F.3d 1251, 1257 (11th Cir. 2006) (quoting United States v. Perez, 443 F.3d 772, 777 (11th Cir. 2006)). "Officers are free, without any level of suspicion, to approach citizens on the street or in a public place and ask them questions . . . ." Id.

The officers' questioning of Plaintiff occurred on the side of a public street. Plaintiff's classifying the questioning or interrogation as harassment does not show that the questioning portion of the encounter amounted to a seizure or that it was

6

unconstitutional. See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). Plaintiff's claim of harassment based on the officers' initial questioning fails to show a constitutional violation.

### 2. **False Arrest and False Imprisonment**

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim" for false arrest. Rodriguez v. Farrell, 280 F.3d 1341, 1345 (11th Cir. 2002) (internal quotation marks omitted) (quoting Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996)). Additionally, "[w]here a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Ortega, 85 F.3d at 1526. To show a constitutional violation, a plaintiff must allege "facts showing that the police lacked probable cause to arrest him." Wright v. Dodd, 438 F. App'x 805, 806 (11th Cir. 2011). "Probable cause exists when 'the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown,

7

that the suspect has committed, is committing, or is about to commit an offense.'"[2] Jordan v. Mosley, 487 F.3d 1350, 1355 (11th Cir. 2007) (quoting Miller, 458 F.3d at 1259). Probable cause does not "require certainty on the part of the police[,]" Dahl v. Holley, 312 F.3d 1228, 1234 (11th Cir. 2002), and officers may disregard a suspect's different version of events if other evidence supports probable cause, Smith v. Campbell, 295 F. App'x 314, 320 (11th Cir. 2008). "An arrest made with probable cause . . . constitutes an absolute bar to a section 1983 action for false arrest." Ortega, 85 F.3d at 1525.

The Code of Ordinances for East Point, Georgia, prohibits disorderly conduct, as defined below.

> (a) Prohibited conduct. It shall be unlawful for any person or persons within the incorporated areas of the city to engage in any conduct described in the following subsections:
>   (1) To act in a violent or tumultuous manner toward another whereby any person is placed in fear for the safety of his life, limb, or health;
>   . . . .
>   (11) To throw bottles, paper, cans, glass, sticks, stones, missiles, or any other debris on public property.

---

[2] An officer is entitled to qualified immunity if he had arguable probable cause, which requires that a reasonable officer in his shoes "could have believed that probable cause existed[.]" Grider v. City of Auburn, 618 F.3d 1240, 1257 (11th Cir. 2010) (quoting Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004)) (internal quotation marks omitted).

East Point, Ga., Code of Ordinances § 13-1005, available at www.eastpointcity.org (follow "City Ordinances Online" hyperlink) (last visited December 27, 2012).

If the officers personally observed, or believed that they observed, Plaintiff throwing debris on public property, or were placed in fear based on Plaintiff becoming combative, they would have had probable cause to arrest Plaintiff for disorderly conduct. However, Plaintiff asserts that he did not throw anything on the ground and that he did not become combative – facts that show lack of probable cause and that brings into question what the officers actually saw or believed. For the purpose of preliminary review, Plaintiff has stated a claim for false arrest and imprisonment.

### 3. Slander

"No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Although a person does not have a due process protected interest in avoiding stigmatization alone, he does have a protected interest in avoiding stigma plus the deprivation of "a previously recognized property or liberty interest[.]" Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1296, 1298 (11th Cir. 2003) (quoting Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1436-37 (11th Cir. 1998)) (internal quotation marks omitted). However, "deleterious effects that flow directly from a sullied reputation, such as the adverse impact on job prospects, are

normally insufficient" to show stigma plus. Id. at 1298; see also Paul v. Davis, 424 U.S. 693, 697, 712 (1976) (holding that allegations that the alleged slander would "seriously impair . . . future employment opportunities" did not show a deprivation of a property interest protected by the Due Process Clause).

Here, Plaintiff's assertion of a generalized adverse impact on his job prospects is insufficient to show that he has been deprived of a protected property or liberty interest, and his claim of slander does not state a constitutional claim.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Plaintiff's false arrest and imprisonment claim against Defendants Armand and Doe be **ALLOWED** to proceed as any other civil action.

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, that the East Point Police Department and all remaining claims be **DISMISSED**.

**IT IS FURTHER RECOMMENDED**, upon the adoption of this Report and Recommendation, that this action be returned to the undersigned for further proceedings.

10

**IT IS SO RECOMMENDED** this 2nd day of January, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE